UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

KARI W.,[1]

               Plaintiff,

    v.

COMMISSIONER, Social Security
Administration,

               Defendant.

Case No. 6:19-cv-00714-MK

**OPINION
AND ORDER**

_____

**Kasubhai**, United States Magistrate Judge:

Plaintiff Kari W. seeks judicial review of the final decision of the Commissioner of the
Social Security Administration ("Commissioner") denying her application for disability insurance
benefits ("DIB") under the Social Security Act (the "Act"). This Court has jurisdiction to review
the Commissioner's decision pursuant to 42 U.S.C. § 405(g). All parties have consented to allow a
Magistrate Judge to enter final orders and judgment in this case in accordance with Federal Rule of
Civil Procedure 73 and 28 U.S.C. § 636(c). *See* ECF No. 6. For the reasons that follow, the
Commissioner's decision is REVERSED and this case is REMANDED for an immediate payment
of benefits.

---

[1] In the interest of privacy, the Court uses only the first name and last name initial of non-
government parties whose identification could affect Plaintiff's privacy.

## PROCEDURAL BACKGROUND

Plaintiff filed her application for DIB in February 2016, alleging disability beginning August 15, 2015. Tr. 18.[2] Her claim was denied initially and upon reconsideration. *Id*. Thereafter, Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"), and a hearing was held in October 2016. Tr. 33–55; Tr. 97–99. On June 28, 2018, the ALJ issued a decision finding Plaintiff not disabled within the meaning of the Act. Tr. 18–28. The Appeals Council denied Plaintiff's request for review making the ALJ's decision the final decision of the Commissioner. Tr. 1–6. This appeal followed.

## FACTUAL BACKGROUND

Plaintiff was 50 years old on the initial alleged onset date. Tr. 26. She completed twelfth grade and has past relevant work as a ward and appointment clerk. Tr. 26–27; Tr. 37. Plaintiff alleges disability due to fibromyalgia, chronic fatigue, anxiety, depression, post-traumatic stress disorder ("PTSD"), Raynaud's syndrome, nerve pain, restless leg syndrome, and insomnia. Tr. 57–58.

## LEGAL STANDARD

The court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record. *Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quotation omitted). The court must weigh "both the evidence that supports and detracts from the [Commissioner's] conclusion." *Martinez v. Heckler*, 807 F.2d 771, 772 (9th Cir. 1986). "Where the evidence as a whole can support either a

---

[2] "Tr." citations are to the Administrative Record at ECF No. 11.

grant or a denial, [the court] may not substitute [its] judgment for the ALJ's." *Massachi v. Astrue*, 486 F.3d 1149, 1152 (9th Cir. 2007) (citation omitted); *see also Burch v. Barnhart*, 400 F.3d 676, 680–81 (9th Cir. 2005) (holding that the court "must uphold the ALJ's decision where the evidence is susceptible to more than one rational interpretation"). "[A] reviewing court must consider the entire record as a whole and may not affirm simply by isolating a specific quantum of supporting evidence." *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007) (quotation omitted).

The initial burden of proof rests upon the claimant to establish disability. *Howard v. Heckler*, 782 F.2d 1484, 1486 (9th Cir. 1986). To meet this burden, the claimant must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).

The Commissioner has established a five-step process for determining whether a person is disabled. *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987); 20 C.F.R. §§ 404.1520, 416.920.  First, the Commissioner determines whether a claimant is engaged in "substantial gainful activity"; if so, the claimant is not disabled. *Yuckert*, 482 U.S. at 140; 20 C.F.R. §§ 404.1520(b), 416.920(b). At step two, the Commissioner determines whether the claimant has a "medically severe impairment or combination of impairments." *Yuckert*, 482 U.S. at 140–41; 20 C.F.R. §§ 404.1520(c), 416.920(c). A severe impairment is one "which significantly limits [the claimant's] physical or mental ability to do basic work activities[.]" 20 C.F.R. §§ 404.1520(c), 416.920(c). If not, the claimant is not disabled. *Yuckert*, 482 U.S. at 141. At step three, the Commissioner determines whether the impairments meet or equal "one of a number of listed impairments that the [Commissioner] acknowledges are so severe as to preclude substantial gainful activity." *Id.*; 20 C.F.R. §§ 404.1520(d), 416.920(d). If so, the claimant is conclusively presumed disabled; if not, the analysis proceeds. *Yuckert*, 482 U.S. at 141.

At this point, the Commissioner must evaluate medical and other relevant evidence to determine the claimant's "residual functional capacity" ("RFC"), which is an assessment of work-related activities that the claimant may still perform on a regular and continuing basis, despite any limitations his impairments impose. 20 C.F.R. §§ 404.1520(e), 404.1545(b)–(c), 416.920(e), 416.945(b)–(c). At the fourth step, the Commissioner determines whether the claimant can perform "past relevant work." *Yuckert*, 482 U.S. at 141; 20 C.F.R. §§ 404.1520(e), 416.920(e). If the claimant can work, he is not disabled; if he cannot perform past relevant work, the burden shifts to the Commissioner. *Yuckert*, 482 U.S. at 146 n.5. At step five, the Commissioner must establish that the claimant can perform other work that exists in significant numbers in the national economy. *Id.* at 142; 20 C.F.R. §§ 404.1520(e)–(f), 416.920(e)–(f). If the Commissioner meets this burden, the claimant is not disabled. 20 C.F.R. §§ 404.1566, 416.966.

## THE ALJ'S DECISION

At step one, the ALJ found Plaintiff met the insured requirements of the Act and had not engaged in substantial gainful activity since the alleged onset date. Tr. 20. At step two, the ALJ found Plaintiff had the following severe impairments: fibromyalgia; lumbar spine degenerative disc disease; osteoarthritis of the left hip and right knee; PTSD; and generalized anxiety disorder. *Id.* At step three, the ALJ found Plaintiff did not have an impairment or combination thereof that met or medically equaled the severity of a listed impairment. Tr. 21. Before proceeding to the fourth step, the ALJ assessed Plaintiff's RFC. The ALJ found Plaintiff had the RFC to perform a full range of light work, with the following nonexertional limitations:

///

///

///

> [She could] lift 20 pounds occasionally and 10 pounds frequent[ly].
> She [could] sit for six hours in and eight-hour day. She [could] stand
> and/or walk for a total of six hours in an eight-hour day. She [could]
> frequently climb ramps, stairs, ladders, ropes, and scaffolds. She
> [could] frequently stoop, kneel, crouch, and crawl. She [could]
> understand and carry out simple instructions. She [could] tolerate no
> more than occasional contact with the public.

Tr. 23.

At step four, the ALJ found Plaintiff was unable to perform any past relevant work. Tr. 26.

At step five, the ALJ found, in light of Plaintiff's age, education, work experience, and RFC, a

significant number of jobs existed in the national economy such that Plaintiff could sustain

employment despite her impairments. Tr. 27–28. The ALJ thus found Plaintiff was not disabled

within the meaning of the Act. Tr. 28 .

## DISCUSSION

Plaintiff assigns error to three portions of the ALJ's decision. First, she contends the ALJ

failed to supply clear and convincing reasons for rejecting her subjective symptom testimony. Pl.'s

Opening Br. 6–12, ECF No. 15 ("Pl.'s Op. Br."). Second, she argues the ALJ failed to supply

specific and legitimate reasons to reject the opinion of her treating physician, Roberta Ruggeri,

D.O. *Id.* at 12–16. Third, she asserts the ALJ failed to provide germane reasons for rejecting the lay

witness testimony of her partner, David J. *Id.* at 16–18. The Commissioner concedes the ALJ erred

and such errors were harmful, but nevertheless contends that the appropriate remedy is to remand

this case "because there are unresolved issues and the record does not require a finding of

disability."  Def.'s Mot. Remand, 4, ECF No. 20 ("Def.'s Br.").

## I.    Remedy

A reviewing court has discretion to remand an action for further proceedings or for a finding

of disability and an immediate award of benefits. *See, e.g.*, *Stone v. Heckler*, 761 F.2d 530, 533

(9th Cir. 1985). Whether an action is remanded for an award of benefits or for further proceedings

depends on the likely utility of additional proceedings. *Harman v. Apfel*, 211 F.3d 1172, 1179 (9th Cir. 2000). In determining whether an award of benefits is warranted, the court conducts the "three-part credit-as-true" analysis. *Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014). Under this analysis the court considers whether: (1) the ALJ has failed to provide legally sufficient reasons for rejecting evidence; (2) the record has been fully developed and further proceedings would serve no useful purpose; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand. *Dominguez v. Colvin*, 808 F.3d 403, 407 (9th Cir. 2015). Even where all the requisites are met, however, a court may still remand for further proceedings "when the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled[.]" *Garrison*, 759 F3d at 1021. "Serious doubt" can arise when there are "inconsistencies between the claimant's testimony and the medical evidence," or if the Commissioner "has pointed to evidence in the record the ALJ overlooked and explained how that evidence casts serious doubt" on whether the claimant is disabled under the Act. *Dominguez*, 808 F.3d at 407 (citing *Burrell v. Colvin*, 775 F.3d 1133, 1141 (9th Cir. 2014) (internal quotation marks omitted)).

### A.      Legally Insufficient Reasons for Rejecting Evidence

Here, the first requisite is met based on the ALJ's harmful legal errors. As conceded by the Commissioner, the ALJ failed to provide legally sufficient reasons for discrediting Plaintiff's subjective symptom testimony, portions of the lay witness statements, and the medical opinion evidence.

### B.      Utility of Further Proceedings

As to the second requisite, the Commissioner asserts remand is appropriate to resolve issues relating to Plaintiff's testimony as well as the lay opinion evidence and the medical opinion evidence. Essentially, the Commissioner asserts further proceedings would serve the useful purpose

of resolving ambiguities. The Court disagrees.

    1.    <u>Subjective Symptom Testimony and Lay Testimony</u>

Despite the Commissioner's concession that the ALJ reasoning for rejecting Plaintiff's subjective complaints and lay testimony was erroneous, the Commissioner nonetheless contends that remanding for further proceedings is appropriate because "unresolved issues" preclude an immediate award of benefits. Def.'s Br. 5–6. Specifically, the Commissioner asserts the record indicates that Plaintiff exaggerated her symptoms and that her daily activities were inconsistent with her allegations.

The Commissioner's attempt to manufacturer conflicts where none in fact exist is unpersuasive. For example, the Commissioner contrasts Plaintiff's reported ability to pay attention for "about 1–2 minutes" in her function report with selective references to mental status exams conducted during annual appointments with her obstetrics and gynecology doctor. *Compare*, Tr. 38–39, *with* Tr. 304, *and* Tr. 313. That comparison does not account for a holistic view of the entire case record, which includes the ALJ's own thorough discussion of Plaintiff's serious mental health limitations, and accordingly fails. *See* Tr. 24 (discussing Plaintiff's "anxiousness, dressed mood, sadness, crying, isolation, recurrent memories, decreased concentration, sleep disturbance, fatigue, 'brain fog', racing thoughts, weight loss, memory loss, agitation, irritability, panic attacks, . . . nightmares, and flashbacks").

The Commissioner also mischaracterizes Plaintiff's activities in at least two ways, specifically relating to her ability to engage in childcare. Def.'s Br. 6 (citing Tr. 422, 451). First, in the same treatment note cited by the Commissioner, the medical professional wrote that Plaintiff "looked fatigued and depressed," described her as feeling "overwhelmed," and recommended establishing boundaries relating to assisting her daughter in-law with childcare. *See* Tr. 422–23. Second, even assuming Plaintiff was able to successfully engage in childcare, as Plaintiff's treating

physician opined, her impairments were "likely to produce 'good days' and 'bad days,'" during the former of which she retained a greater ability to function. Tr. 299; *see also* Tr. 48 (testifying that Plaintiff was capable of completing limited activities on "a good day").

As such, the Commissioner has failed to identify any meaningful inconsistencies between Plaintiff's testimony and the record that justify remanding this case for additional proceedings.

2.    <u>Medical Opinion Evidence</u>

The Commissioner also concedes the ALJ's summary rejection of Dr. Ruggeri's opinion was inadequate. Def.'s Br. 4–5. However, he asserts the ALJ's rejection "*may* have [had] some basis in the record." *Id*. at 4 (emphasis added). Specifically, the Commissioner highlights that Dr. Ruggeri's opinion describing walking and sitting limitations "appear at odds" with other evidence in the record, such as Plaintiff's presentation of a normal gait and the absence of evidence that "Plaintiff spends the majority of her days lying down." *Id.*

The Court is again unpersuaded. First, the Commissioner's assertion that Dr. Ruggeri's conclusion that Plaintiff could sit for no more than 20 minutes at any one time required evidence that Plaintiff spent the majority of her days lying down is a *non sequitur*. Second, Plaintiff's presentation of a normal gait during an isolated exam is not on its face inconsistent with Dr. Ruggeri's conclusion that she could walk less than 100 feet without severe pain or requiring rest. *Compare*, Tr. 254, *with* Tr. 298. An individual can present with a normal gait within the confines of a doctor's office exam and still struggle to walk longer distances.

Next, the Commissioner's attempt to construct a conflict by asserting Dr. Ruggeri's opinion "appears to be internally inconsistent" falls flat. Def.'s Br. 4. The Commissioner directs the Court to the doctor's finding that Plaintiff's symptoms would likely worsen over time and asserts such a finding is inconsistent with the doctor's conclusion that Plaintiff's prognosis would remain consistent. *Id*. at 4–5. The Commissioner, however, conflates symptoms, which are "[a claimant's]

Page 8 — OPINION AND ORDER

own description of [a] physical or mental impairment," 20 C.F.R. §§ 404.1502(n); 416.902(n), and a prognosis, which is "the act or art of foretelling the course of a disease . . . as anticipated from the usual course of that disease [.]" *Scowden v. Berryhill*, 2017 WL 3446491, at *6 (S.D. Ohio Aug. 11, 2017) (citation and quotation marks omitted), *adopted*, 2017 WL 4221460 (S.D. Ohio Sept. 22, 2017). In other words, symptoms are a claimant's subjective experience of her impairments whereas a prognosis is a medical professional's assessment of a patient's specific longitudinal prospects.

As such, the Court finds no meaningful ambiguities with the medical opinion evidence and concludes that further proceedings would serve no useful purpose. Moreover, allowing the ALJ an additional opportunity to discard Plaintiff's testimony and the medical opinion she rejected for legally insufficient reasons does not qualify as a remand for a "useful purpose." *See Garrison*, 759 F.3d at 1021 (citing *Benecke v. Barnhart*, 379 F.3d 587, 595(9th Cir. 2004)) ("Allowing the Commissioner to decide the issue again would create an unfair 'heads we win; tails, let's play again' system of disability benefits adjudication.").

###    C.    Finding of Disability Required

As to the third requisite, if the discredited evidence were credited as true, the ALJ would be required to find Plaintiff disabled on remand. Dr. Ruggeri's opinion specifically noted that Plaintiff's condition would cause her to miss work "[a]bout five times a month." Tr. 300. At the hearing, the vocational expert ("VE") testified "that missing one day per month on an ongoing basis would rule out competitive employment[.]" Tr. 53. As such, the ALJ would be compelled to find Plaintiff disabled upon remand. *See Lingenfelter v. Astrue*, 504 F.3d 1028, 1041 (9th Cir. 2007) (remanding for an immediate payment of benefits after crediting improperly rejected evidence as true, combined with VE testimony, established disability).

If a court concludes, as in this case, that a claimant meets the three criteria of the credit-as-true standard, the improperly discredited evidence is credited as true and remand for an award of benefits is appropriate unless "the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled within the meaning of the Social Security Act." *Garrison*, 759 F.3d at 1020–21 (citations omitted).

Considering the record as a whole, the Court concludes that there is no reason for serious doubt as to whether Plaintiff is disabled. *Garrison*, 759 F.3d at 1020–21 (citations omitted); *see also Revels v. Berryhill*, 874 F.3d 648, 668 n.8 (9th Cir. 2017) (explaining that where each of the credit-as-true factors is met, only in "rare instances" does the record as a whole leave "serious doubt as to whether the claimant is actually disabled") (citing *Garrison*, 759 F.3d at 1021). As such, the Court exercises its discretion and credits the erroneously discredited evidence as true and remands this case for an immediate calculation and payment of benefits.

## CONCLUSION

For the reasons above, the Commissioner's decision was not based on substantial evidence. Accordingly, the Commissioner's decision is REVERSED and this case is REMANDED pursuant to sentence four of 42 U.S.C. § 405(g) for an immediate calculation and payment of benefits.

IT IS SO ORDERED.

DATED this 9th day of September 2020.


s/ Mustafa T. Kasubhai
MUSTAFA T. KASUBHAI
United States Magistrate Judge